UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUAN JORGE GUITRON, JR,

        Plaintiff,

v.                                                                               Case No. 11-C-446

BEN SCHMIDT,

        Defendant.

## SCREENING ORDER

Plaintiff Juan Guitron, Jr., who is proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently serving a state sentence at Waupun Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Further, he has been

assessed and has paid an initial partial filing fee of $29.52. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief

under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here, Plaintiff has asserted a claim against the defendant police officer for simple negligence. According to the complaint, Plaintiff was arrested on June 24, 2009, in a grocery store parking lot. (Compl. 3.) Defendant, Police Officer Ben Schmidt, placed Plaintiff in handcuffs and leg shackles before putting him in the backseat of the police cruiser. (*Id.*) Plaintiff alleges that a rope attached to the leg shackles was left hanging outside the cruiser's door. When the cruiser started driving the rope "got caught in the tire pulling my legs causing me pain and injury." (*Id.*) Plaintiff was transported to a hospital and checked by an EMT for injuries. (*Id.*) In sum, Plaintiff alleges that Defendant "failed to make certain that all of the restraints were fastened and secure. In turn the rope was caught in the tires causing pain and injury which violates through negligence." (*Id.*) Plaintiff seeks $20,000 for compensatory and punitive damages. (*Id.* 4.)

Dismissal is proper because Plaintiff's claim is one for negligence. The "Constitution does not guarantee due care on the part of state officials." *County of Sacramento v. Lewis,* 523 U.S. 833, 848 (1998). "It is clearly established that although officials may not be held liable for simple negligence, they may be held liable for 'gross negligence' or 'reckless disregard' for the safety of others." *White v. Rochford,* 592 F.2d 381, 385 (7th Cir.1979). When judged against this higher standard, the facts alleged do not rise to such a level of indifference as to constitute gross negligence. Plaintiff does not allege that Defendant intentionally or willfully left the rope attached to the leg shackles. Rather he alleges that Defendant failed to properly check the leg shackles. Indeed, Plaintiff specifically alleges that the officer was "negligent" in "failing to make certain" the

3

leg shackles were properly affixed. (Compl. 3.) Such facts, if true, demonstrate only poor attention to detail – negligence – by the arresting police officer. But "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process," *County of Sacramento v. Lewis,* 523 U.S. at 848, and a §1983 "claim[] based on particular allegations of negligence must be dismissed." *Payne for Hicks v. Churchich,* 161 F.3d 1030, 1042 (7th Cir. 1998).

Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **granted.**

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $320.48 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   6th   day of June, 2011.

                                                              s/ William C. Griesbach  
                                                              William C. Griesbach  
                                                              United States District Judge